USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 09/29/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHANNON MONT,

       Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

19-CV-6491 (VEC)

MEMORANDUM OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

  Plaintiff Shannon Mont brings this action pursuant to the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of the denial of his application for supplemental security income ("SSI"). *See* Compl., Dkt. 1. The parties cross-moved for judgment on the pleadings. Dkts. 15, 21. On August 31, 2020, Magistrate Judge Netburn issued a Report and Recommendation ("R&R") recommending that Plaintiff's motion be denied and that the Commissioner's motion be granted. R&R, Dkt. 27. On September 14, 2020, Plaintiff filed objections to the R&R. Pl. Objections, Dkt. 29. The parties' familiarity with the facts is assumed; the record is discussed only as necessary to address the Plaintiff's objections. For the following reasons, the Court ADOPTS the R&R and the case is DISMISSED.

## DISCUSSION

  In reviewing final decisions of the Social Security Administration ("SSA"), courts "'conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied.'" *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (quoting *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008)). "'Substantial evidence' is

1

'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (per curiam) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citation omitted); *see also Wilds v. United Parcel Serv. Inc.,* 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). But such objections "may not simply regurgitate the original briefs to the magistrate judge." *Hernandez v. City of New York*, No. 11-CV-6644, 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (internal citation omitted). To the extent that the party "simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also O'Callaghan v. New York Stock Exchange*, No. 12-CV-7247, 2013 WL 3984887, at *1 (S.D.N.Y. Aug. 2, 2013) (collecting cases).

Here, the Court reviews the majority of the R&R for clear error. Plaintiff did not object to Magistrate Judge Netburn's first and third findings, namely that (a) the Administrative Law Judge's ("ALJ") conclusion that Mont's condition did not satisfy a listed impairment was free of

legal error and supported by substantial evidence, R&R, Dkt. 27 at 12–16, and (b) that the ALJ's determination with respect to residual functional capacity was properly assessed and supported by substantial evidence, despite not indicating the number of days per month Mont would be absent from work or the percentage of time during the workday he would be off task. *Id.* at 19–21. Plaintiff did object to Magistrate Judge Netburn's second finding, that the ALJ's consideration of Mont's symptoms, including fatigue, was not legal error. *Id.* at 16–19. Much of this objection simply reiterates points in Plaintiff's memorandum of law in support of his motion for judgment on the pleadings. *Compare* Pl. Mem. of Law, Dkt. 16 at 19–21 (referring to the ALJ's lack of findings of fact relating to symptoms and to the ALJ's boilerplate sentences) *with* Pl. Objections, Dkt. 29 at 3 (noting the lack of findings of fact) *and id.* at 4 (referring to the same boilerplate sentences Plaintiff alleges were problematic).

The Court has thoroughly reviewed the record and has determined that there are no clear errors in Magistrate Judge Netburn's R&R. Because Plaintiff did not object to the first and third findings and because most of Plaintiff's objection to the second finding had already been raised and thoroughly reviewed by Magistrate Judge Netburn, the absence of clear error ends most of the inquiry.

The Court reviews *de novo* Plaintiff's objection to Magistrate Judge Netburn's finding that "there was sufficient evidence in the opinion and the record to glean the rationale of the ALJ's decision." Pl. Objections, Dkt. 29 at 2 (citing R&R Dkt. 27 at 17). Magistrate Netburn made this statement to support her finding that the ALJ's failure to explicitly discuss the side effects of one of Mont's medications, a factor included in 20 C.F.R. § 404.1529(c)(3), was not legal error.

3

A *de novo* review reveals that the ALJ did consider Mont's fatigue, even if he did not explicitly refer to it as a side effect of a particular medication. Mr. Mont's fatigue is mentioned in the ALJ's decision five separate times. *See* ALJ Decision, Dkt. 12 at 21 (Mont "described his energy level as being very low); *id.* (Mont "indicated that he does not do much because he is always tired"); *id.* at 22 ("The claimant did complain of experiencing increasing fatigue and dyspnea on exertion when seen on November 13, 2015…"); *id.* (An attending cardiologist "noted that the claimant had no limitations on physical activity as demonstrated by fatigue…"); *id.* at 23 ("While the claimant reported an inability to engage in significant activities due to a very low energy level, he denies significant symptoms to attending specialist.").

The fact that the ALJ did not explicitly connect Mont's reported fatigue to a medication does not mean the fatigue itself, the alleged side effect in question, was not considered by the ALJ in his decision-making. Because the ALJ properly considered Mont's fatigue, there is no need to "glean the rationale of the ALJ's decision." Because this Court finds that the ALJ evaluated Mont's fatigue, Plaintiff's objection that Magistrate Judge Netburn erred in gleaning the basis for the ALJ's decision is moot.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings is DENIED. Defendant's motion for judgment on the pleadings is GRANTED.

The Clerk of Court is respectfully directed to terminate all open motions and close this case.

**SO ORDERED.**

Date:  **September 29, 2020**
       **New York, NY**

                                              **VALERIE CAPRONI**
                                              **United States District Judge**